# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARTHA SANTIAGO-GOMEZ,      :      CIVIL ACTION
           Plaintiff          :
          :
      v.            :
          :
MICHAEL J. ASTRUE ,        :
          Defendant      :      No. 08-0524

**FILED**

**AUG 2 0 2009**

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

## ORDER

AND NOW, this _19th_ day of August, 2009, upon consideration of Plaintiff's Brief and

Statement of Issues in Support of Request for Review (Docket No. 14), Defendant's Response to

Request for Review of Plaintiff (Docket No. 18), Plaintiff's Reply to Defendant's Response

(Docket No. 19), the Report and Recommendation of United States Magistrate Judge David R.

Strawbridge (Docket No. 22), and Plaintiff's Objections to the Report and Recommendation of

the United States Magistrate Judge (Docket No. 23), **IT IS HEREBY ORDERED** that:

      1.      The Report and Recommendation is **APPROVED AND ADOPTED in part and**

            **DENIED in part;**[1] and

---

[1] This Court approves and adopts Magistrate Judge Strawbridge's Report and
Recommendation as to his analysis of the GAF score issue, see Report and Recommendation,
Docket No. 22 at 15-17, and as to the issues regarding the ALJ's assessment of the Plaintiff's
credibility, see Report and Recommendation, Docket No. 22 at 18-20.  However, the Court is
troubled by the great weight that seems to have been accorded to the opinion of Dr. Barrett, a
non-examining consultant, given that the ALJ erroneously believed that Dr. Barrett had based his
opinion on a full review of the evidence in the record.  See Record at 28 (ALJ "stresse[d] the
importance of the fact that all of the evidence of record was reviewed by [Dr. Barrett]").  Rather,
it appears that Dr. Barrett did not review any of the treatment notes or the opinions of Dr.
Shapiro when rendering his opinion.  See Pl.'s Obj. at 2-3.
      The Report and Recommendation emphasizes that the ALJ did find Dr. Barrett's opinion
to be consistent with the record and Dr. Shapiro's to be inconsistent with the record.  See Report
and Recommendation, Docket No. 22 at 10-14.  However, although many of the treatment notes
seem quite positive, they are often couched in relative terms, which could be construed as

2.      The matter is **REMANDED** to the Commissioner for further review.

BY THE COURT:

GENE E. K. PRATTER
UNITED STATES DISTRICT JUDGE

_____

consistent with either opinion. For instance, the notes cited by the ALJ describe the Plaintiff as "less anxious" or "less depressed," see Record at 32-33, but the term "less" is relative. Indeed, a note that the Plaintiff is "less depressed," see Record at 180 (therapy note dated January 9, 2007), may sound positive on its own, but may be ambiguous at best when put in context as coming after a December 29, 2006 session after which the therapist noted that the Plaintiff was "unable to concentrate or [m]ake any decision," see Record at 181, and a December 18, 2006 session after which the therapist remarked that the Plaintiff was "very anxious" and had "shaking hands," see Record at 182. Crediting ambiguously positive notes over negative ones, and finding the notes to be consistent with one doctor's opinion and not another's would normally be well within the scope of the ALJ's duties. However, it is possible in this case that the ALJ construed the notes as positive indicators of mental health because she believed that Dr. Barrett's positive report reflected a similar interpretation.

Thus, the Court remands this case to the Commissioner for further review to consider the record keeping in mind that Dr. Barrett's opinion was not based on a review of the treatment notes or treating physician's opinion. Moreover, the Court cautions the Commissioner to pay special attention to the relativity of terms in treatment notes like "less," "better," and "improved." See Morales v. Apfel, 225 F.3d 310, 319 (3d Cir. 2000) (noting that "the work environment is completely different from home or a mental health clinic," and that a treating physician's opinion "shall not be supplanted by an inference gleaned from treatment records reporting on the claimant in an environment absent of the stresses that accompany the work setting").